

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

ALD C. MANN
RNEY GENERAL

Texas State Board of Medican Examiners
Mercantile Building
Dallas, Texas

Gentlemen:

Opinion No. O-2930
Re: Eligibility of a group of
graduates from a medical
school determined by the
Board not to be a reputable
medical school to take ex-
amination for purpose of
obtaining license to prac-
tice medicine and surgery
in Texas.

In your letter of November 24, 1940, you requested the opinion of this department on the question of the eligibility of a group of doctors, graduates of the Chicago Medical School, to take the examination given by your Board for the purpose of obtaining a license to practice medicine and surgery in Texas.

You advise that, though the State Board of Medical Examiners has never recognized the Chicago Medical School as being a reputable medical school within the meaning of the Texas Medical Practice Act, you have, nevertheless, over a period of about six years, permitted some six graduates of that school to take the examination, for various reasons. You advise us, however, pursuant to an inspection of the Chicago Medical School made prior thereto, you did, on May 21, 1939, determine that the Chicago Medical School was not a reputable medical school and that your Board would not admit any more graduates of that school for examination. You further advise that at your meeting in June, 1940, one graduate of that school made application to take the Board examination, with the statement that he had applied to take the examination prior to May 21, 1939, and therefore, was legally entitled to take the examination. You state that your Board, in the belief that you would have to admit all

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

graduates of the Chicago Medical School that had applied for examination prior to May 21, 1939, to take the examination, examined this doctor.

You state that at this time you have one man who graduated in the same class with this doctor, but who had not applied for permission to take the examination prior to May 21, 1939, and that you also had two others who applied through reciprocity in 1938, who are now demanding the privilege of appearing before the Board for examination.

Prior to its amendment in 1939, Article 4501, R. S. 1925, read as follows:

"All applicants for license to practice medicine in this State, not otherwise licensed under the provisions of law, must successfully pass an examination before the Board of Medical Examiners established by this law. Applicants, to be eligible for examination, must present satisfactory evidence to the board that they are more than twenty-one years of age, of good moral character, and graduates of bona fide, reputable medical schools. Such school shall be considered reputable within the meaning of this law, whose entrance requirements and course of instruction are as high as those adopted by the better class of medical schools of the United States, whose course of instruction shall embrace not less than four terms of eight months each. Application for examination must be made in writing under affidavit to the secretary of the board, on forms prepared by the board, accompanied by a fee of twenty-five dollars; except when an applicant desires to practice obstetrics alone, the fee of which shall be five dollars. Such applicant shall be given due notice of the date and place of examination. Applicants to practice obstetrics in this State, upon proper application, shall be examined by the board in obstetrics only, and upon satisfactory examination shall be licensed to practice that branch only; provided, this shall not apply to those who do not follow obstetrics as a profession, and who do not advertise themselves as obstetricians or

midwives, or hold themselves out to the public as so practicing. If any applicant, because of failure to pass examination, be refused a license, he or she shall, at such time as the Board of Medical Examiners shall fix, be permitted to take a subsequent examination upon such subjects required in original examinations as the said board may prescribe, upon the payment of such part of twenty-five dollars as the said board may determine and state; and said board may, in the event satisfactory grades shall be made in the subjects prescribed and taken in such re-examination, grant to the applicant license to practice medicine."

After amendment by the 46th Legislature, Article 4501, Vernon's Revised Civil Statutes, reads as follows:

"All applicants for license to practice medicine in this State not otherwise licensed under the provisions of law must successfully pass an examination by the Board of Medical Examiners. The Board is authorized to adopt and enforce rules of procedure not inconsistent with the statutory requirements. Applicants to be eligible for examination must be citizens of the United States and must present satisfactory evidence to the Board that they are more than twenty-one (21) years of age, of good moral character, who have completed sixty (60) semester hours of college courses, other than in a medical school, which courses would be acceptable, at time of completing same, to the University of Texas for credit on a Bachelor of Arts Degree or a Bachelor of Science Degree, and who are graduates of bona fide reputable medical schools; a reputable medical school shall maintain a course of instruction of not less than four (4) terms of eight (8) months each; shall give a course of instruction in the fundamental subjects named in Article 4503 of the Revised Civil Statutes of Texas of 1925, as amended by this Act; and

Texas State Board of Medical Examiners, Page 4

shall have the necessary teaching force, and possess and utilize laboratories, equipment, and facilities for proper instruction in all of said subjects. Applications for examination must be made in writing, verified by affidavit, and filed with the Secretary of the Board, on forms prescribed by the Board, accompanied by a fee of Twenty-five Dollars ($25). All applicants shall be given due notice of the date and place of such examination. Provided further that all students regularly enrolled in medical schools whose graduates are now permitted to take the medical examination now prescribed by law in this State shall upon completion of their medical college courses be permitted to take the examination prescribed herein.

"If any applicant, because of failure to pass the required examination, shall be refused a license, he or she, at such time as the Board of Medical Examiners may fix, shall be permitted to take a subsequent examination, upon such subjects required in the original examination as the Board may prescribe, upon the payment of such part of Twenty-five Dollars ($25) as the Board may determine and state. In the event satisfactory grades shall be made in the subjects prescribed and taken on such re-examination, the Board may grant to the applicant a license to practice medicine. The Board shall determine the credit to be given examinees on the answers turned in on the subjects of complete and partial examination, and its decision thereupon shall be final."

Under the express provisions of the law (both before and after amendment) the Board cannot lawfully examine one who graduated from a medical school which was not a "reputable medical school". Obviously, the character of the school at the time the applicant attended and graduated therefrom controls. The reputableness of the medical school prior to or subsequent to the attendance and graduation of the applicant is not in issue.

Whether a medical school, at the time of the attendance and graduation of an applicant for examination by the Board, was "reputable", presents a question of fact to be determined by the Board in conformity with the provisions of the statute. If the Board determines that the medical school, at the time of the attendance and graduation of an applicant for license, was not "reputable", it must, under the law, refuse to examine the applicant. If the school in fact was not "reputable" at the time of the attendance and graduation of the applicant, the fact that the Board previously may have examined, erroneously and in violation of the statute, other persons attending and graduating from the school at the same time as applicant does not establish the right of the applicant to be examined. No applicant will be permitted to insist that because another was illegally examined, he also must be accorded an examination in violation of the law. A statute may not be amended by repeated violations of its provisions.

The language of the amended act, "provided further that all students regularly enrolled in medical schools whose graduates are now permitted to take the medical examination now prescribed by law in this State upon completion of their medical college courses be permitted to take the examination prescribed herein," was not intended to perpetuate the mistakes of the Board. The intent of the proviso, considering the statute as a whole, is to prevent the amendment from operating retroactively. It simply contemplates that the eligibility for the examination of applicants who graduated from or are students in medical schools at the time of the passage of the amendment shall be determined under the provisions of the act as it read prior to the amendment. See our opinion No. 0-1556.

We trust that the foregoing sufficiently answers your inquiry.

Yours very truly

APPROVED DEC 5, 1940

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:GO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN